IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

WILLIAM UTLEY,

        Plaintiff,

vs.                              No. 07-2589-JDB/dkv

COLIN MORRIS and BRETT STEIN,

        Defendants.

---

ORDER GRANTING MOTION TO PROCEED <u>IN FORMA PAUPERIS</u>
IN ACCORDANCE WITH PLRA
(DOCKET ENTRY #2)
ORDER ASSESSING FILING FEE
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
(DOCKET ENTRY #2)
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

Plaintiff William Utley, prisoner number 398360, who is confined at the West Tennessee State Penitentiary ("WTSP"), Tennessee, filed a <u>pro se</u> complaint under 42 U.S.C. § 1983, along with motions for appointment of counsel and to proceed <u>in forma pauperis</u>. The Clerk shall record Defendants as Colin Morris and Brett Stein.

I.    <u>Assessment of Filing Fee</u>

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), a prisoner bringing a civil action must pay the

full filing fee of $350 required by 28 U.S.C. § 1914(a).  The in forma pauperis statute, 28 U.S.C. § 1915(a) merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, Plaintiff has submitted both an in forma pauperis affidavit and a prison trust fund account statement. It is ORDERED that the trust fund officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit.  When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court.  If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court.  On each occasion that funds are subsequently credited to Plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that, after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the

2

amount in the account exceeds $10.00, until the entire $350.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order, and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

If Plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's prison. The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II.  Motion for Appointment of Counsel

A district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant.  See Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993).  Notably, however, appointment of counsel in a civil case is not a constitutional right, and courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." Id. at 605-06.

In determining whether an appointment is warranted, courts evaluate the type of case, the complexity of the factual and legal issues involved, and the ability of the litigant to represent himself.  See id. at 606; Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir.  1993)("The  key  [to  determining  whether  exceptional circumstances exist] is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.")

Appointment of counsel in a civil case is not appropriate when a litigant's claims are frivolous, or when the chances of success are extremely slim.  See Lavado, 992 F.2d at 604-05; Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)("[B]efore the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law."). As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of

merit." <u>Cooper v. A. Sargenti Co.</u>, 877 F.2d 170, 174 (2d Cir. 1989).[1]

The Court concludes that an appointment of counsel is not warranted. Plaintiff's complaint is to be dismissed; therefore his motion for appointment of counsel is DENIED.

III. <u>Analysis of Plaintiff's Claims</u>

Utley was convicted in Chester County Circuit Court of the Class D felonies of burglary and theft of property over $1000 after a jury trial.  The state court judge imposed concurrent sentences of four (4) years imprisonment for each conviction. The Tennessee Court of Criminal Appeals recently affirmed Plaintiff's conviction and sentence. <u>State v. Utley</u>, No. W2006-01486-CCA-R3-CD, 2007 WL 1515145 (Tenn. Crim. App. May 23, 2007). Utley has filed this complaint alleging that his conviction was due to the deficient representation of his attorneys, Colin Morris and Brett Stein. He seeks disciplinary sanctions against the attorneys and 3.5 million dollars in damages for malpractice, emotional stress, depression, false imprisonment, and anxiety.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

>    (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

---

[1]    The Second Circuit has elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." <u>Id.</u>

> (2) seeks monetary relief from a defendant who is immune
> from such relief.

28 U.S.C. § 1915A(b). Plaintiff's complaint is subject to dismissal

in its entirety.

Utley has no claim under 42 U.S.C. § 1983 arising out of his

conviction.

> We hold that, in order to recover damages for allegedly
> unconstitutional conviction or imprisonment, or for other
> harm caused by actions whose unlawfulness would render a
> conviction or sentence invalid, a § 1983 plaintiff must
> prove that the conviction or sentence has been reversed
> on direct appeal, expunged by executive order, declared
> invalid by a state tribunal authorized to make such
> determination, or called into question by a federal
> court's issuance of a writ of habeas corpus, 28 U.S.C. §
> 2254.  A claim for damages bearing that relationship to
> a conviction or sentence that has not been so invalidated
> is not cognizable under § 1983.  Thus, when a state
> prisoner seeks damages in a § 1983 suit, the district
> court must consider whether a judgment in favor of the
> plaintiff would necessarily imply the invalidity of his
> conviction or sentence; if it would, the complaint must
> be dismissed unless the plaintiff can demonstrate that the
> conviction or sentence has already been invalidated.  But
> if the district court determines that the plaintiff's
> action, even if successful, will not demonstrate the
> invalidity of any outstanding criminal judgment against
> the plaintiff, the action should be allowed to proceed,
> in the absence of some other bar to the suit.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  See also Schilling

v. White, 58 F.3d 1081, 1086 (1995)(footnotes omitted).  Thus, a

prisoner has no cause of action under § 1983 if the claims in that

action hinge on factual proof that would call into question the

validity of a state court order directing his confinement unless and

until any conviction is set aside or the confinement is declared

illegal.  Heck, 512 U.S. at 481-82; Schilling, 58 F.3d at 1086.  Cf.

Preiser v. Rodriquez, 411 U.S. 475, 500 (1973)(whenever the relief

sought is release from prison, the only remedy is through a habeas petition, not a § 1983 complaint).

Here, <u>Heck</u> applies to bar Plaintiff's claims arising from his criminal prosecution and conviction. Plaintiff must have the conviction overturned on direct appeal or via collateral attack before any claims can accrue.

Plaintiff also has no claim against his attorneys. In order to state a § 1983 claim, he must allege action under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 55-57 (1988). It is settled beyond dispute that neither public defenders nor private attorneys act under color of state law, regardless of whether retained or appointed to represent a criminal defendant. <u>See</u> <u>Polk County v. Dodson</u>, 454 U.S. 312, 321-25 (1981)(holding that public defender does not act under color of state law for purposes of § 1983); <u>McCord v. Bailey</u>, 636 F.2d 606, 613 (D.C. Cir. 1979)(following <u>Polk County</u> as to private counsel). The only basis for his claim is that the attorneys failed to provide the level of representation Plaintiff expected during his prosecution. To the extent Utley has any valid action for legal malpractice, that assertion is simply a state tort law claim, not one under § 1983. <u>See</u> <u>Polk County</u>, 454 U.S. at 325.

In Tennessee, attorney conduct is governed by Rule 9 of the Rules of the Tennessee Supreme Court. Jurisdiction over attorney licensing proceedings is reserved to the state courts. <u>See generally</u> <u>Middlesex County Ethics Committee v. Garden State Bar Assoc.</u>, 457 U.S. 423 (1982). Because a claim of a violation of Rule

7

9 is not one for a violation of any federal right, no claim is stated under 42 U.S.C. § 1983. This Court lacks federal subject matter jurisdiction of this contention under 28 U.S.C. § 1331.

The Court expressly declines to address the complaint as a habeas petition because Utley does not demonstrate that he has exhausted his state remedies or expressly seeks to overturn his conviction. A habeas petitioner must first exhaust available state remedies before requesting relief under § 2254. See, e.g., Granberry v. Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982). See also Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner has failed to exhaust his available state remedies if he has the opportunity to raise his claim by any available state procedure. Preiser, 411 U.S. at 477, 489-90. Moreover, to exhaust these state remedies, the applicant must have presented the very issue on which he seeks relief from the federal courts to the courts of the state that he claims is wrongfully confining him. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

Therefore, this complaint seeks to assert claims which fail to state a claim upon which relief may be granted. The complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b), and Fed. R. Civ. P. 12(h)(3).

IV. Appeal Issues

Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard

8

is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u> It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal <u>in forma</u> <u>pauperis</u>. See <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

The same considerations that lead the Court to dismiss this case as devoid of jurisdiction compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal <u>in</u> <u>forma</u> <u>pauperis</u>.

The final matter to be addressed is the assessment of a filing fee if Plaintiff appeals the dismissal of this case.[2] In <u>McGore v.</u> <u>Wrigglesworth</u>, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in <u>McGore</u> and § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, the dismissal of this complaint for failure to state a claim counts Plaintiff's second strike. See <u>Utley v.</u> <u>Sheriff Davidson, et al.</u>, No. 07-2262-JPM/tmp (W.D. Tenn. Aug. 31,

---

[2]     The appellate filing fee is $455.

2007)(dismissing § 1983 complaint pursuant to 28 §§ 1915(e)(2)(B)(ii), (iii), and 1915A(b)(1) and (2)).

IT IS SO ORDERED this 30th day of April, 2008.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE